UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALBINA K., | ) |
| Plaintiff, | ) No. 20-cv-5078 |
| v. | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Balbina K.[1] has filed a motion for summary judgment wherein she appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits.[2] As detailed below, Plaintiff's motion for summary judgment [dkt. 20] is GRANTED.

**1.     Procedural Background and ALJ Decision**

On April 18, 2017, Plaintiff filed a claim for disability insurance benefits with an alleged onset date of April 4, 2017. (Administrative Record ("R.") R. 15.) Plaintiff's claim was denied initially and upon reconsideration, after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Subsequently, on August 19, 2019, the ALJ issued an unfavorable decision finding Plaintiff not disabled under the Act. (R. 15-26.) The ALJ's decision followed the five-step analytical process required by 20 C.F.R. § 416.920. As part of the that decision, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand and/or walk six hours in an eight-hour workday; sit for six hours in an eight-hour workday with the option to stand for 20 minutes after 60 minutes of sitting; "frequently

---

[1]   In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]   Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security, which the Court construes as a motion for summary judgment [dkt. 20].

using the bilateral lower extremities to push and/or pull to include operation of foot controls;" "push and/or pull to include operation of hand controls with the bilateral upper extremities;" occasionally climb ladders, ropes, or scaffolds; occasionally balance, stoop, crouch, kneel, or crawl; and frequently climb ramps or stairs. [R. 21-22.] Plaintiff sought Appeals Council review of the ALJ's decision. [R. 158-161.] On July 2, 2020, the Appeals Council denied Plaintiff's request for review (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff, through counsel, filed the instant action on August 28, 2020, seeking review of that decision. (Dkt. 1.)

**2.  Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also*, 42 U.S.C. § 405(g).

**3.     Discussion**

Plaintiff contends the ALJ created an evidentiary deficit when she rejected the only opinions of record regarding Plaintiff's physical limitations without pointing to other evidence of record to explain how she reached the limits she did include within the RFC and, therefore, the ALJ's decision is not supported by substantial evidence. The Court agrees.

In this case, the non-examining state agency medical consultants opined Plaintiff was capable of medium work, including lifting/carrying 50 pounds occasionally, 25 pounds frequently; standing/walking up to six hours and sitting up to six hours, in an eight-hour workday. [R. 76; 87.] The ALJ found those opinions persuasive only to the extent they found limits at all, but not the actual limits they found, because the ALJ found that additional evidence, submitted after those doctors reviewed the record, showed Plaintiff was more limited than the consultants had opined. [R. 24.] Plaintiff's treating psychiatrist, Dr. Joseph McNally, MD, offered multiple opinions, including that Plaintiff's fatigue and low energy, from depression and Fibromyalgia, caused Plaintiff's need to nap for about 3 hours per day. [R. 522-24; 526-34; 543; 559.] However, Dr. McNally did not offer specific physical function limitations. The ALJ did not give weight and adopt Dr. McNally's opinions. [R. 25.] There were no other medical opinions regarding Plaintiff's functional limits.

The ALJ crafted an RFC finding Plaintiff physically capable of performing a reduced range of light work, including lifting/carrying 20 pounds occasionally, 10 pounds frequently; standing/walking six hours; sitting six hours in an eight-hour workday, but including an option to stand for 20 minutes after sitting for 60 minutes; and various postural limits. [R. 21-22.] After rejecting the only available opinions, the ALJ was required to point to other evidence to explain how she reached the limits assessed. *Bjornson v. Astrue*, 671 F.3d 640 649 (7th Cir. 2012) (ALJ must set forth a supportable record basis for RFC finding); *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (RFC assessment cannot stand where ALJ failed to identify medical evidence to substantiate his conclusion); SSR 96-8p20 ("RFC assessment must include

3

a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts…") However, the ALJ provided no support for these limitations using any evidence of record. Therefore, in choosing not to adopt the limits of any doctor and fashioning her own limits, the ALJ created an evidentiary deficit which she needed to remedy by pointing to specific evidence to substantiate her conclusion. *Suide v. Astrue*, 371 Fed. Appx. 684, 689-90 (7th Cir. 2010) (ALJ created an evidentiary deficit by rejecting all opinions, and was required to obtain evidence to fill that void).

Plaintiff also testified as to her functional limitations. [R. 38-63.] While the ALJ indicated she accepted Plaintiff's statements about some of her limits, much of Plaintiff's testimony does not match the ALJ's assessed RFC. The ALJ indicated she accepted Plaintiff's testimony to find her limited to light work, since there was no evidence Plaintiff could lift more weight than light work allowed. [R. 23.] However, Plaintiff testified she could lift 20 pounds, for a short period of time, such as lifting something and moving it somewhere close. [R. 55.] Plaintiff did not indicate she could lift or carry 20 pounds up to 1/3 of the workday, as contemplated by the definition of light work. The lifting and carrying limit assessed by the ALJ is not simply supported by Plaintiff's testimony or other evidence.

Similarly, the ALJ indicated she accepted Plaintiff's testimony that fibromyalgia pain interfered with her ability to stand, walk, and sit, so she limited Plaintiff to light work. [R. 22-23.] However, accepting Plaintiff suffered pain and that sitting, standing, and walking were limited, offers no insight into why the ALJ limited Plaintiff to standing and walking six hours, and sitting six hours, with a sit/stand option. Similarly, the ALJ limited Plaintiff to frequent use of her lower extremities to push, pull, and operate foot controls, due to Plaintiff's reported foot pain, but there is no explanation for the limitation to frequent, rather than less. [R. 24.] The same holds true regarding the ALJ's limitation without explanation to occasionally climbing ladders, ropes, or scaffolds, frequently climbing ramps and stairs, and occasionally balancing, stooping, crouching, kneeling, or crawling, due to Plaintiff's reported fibromyalgia pain and her fatigue. (*Id.*) Likewise, the ALJ failed to explain how much she credited Plaintiff's reports of fatigue

4

(separate from reports of pain), as the ALJ left unaddressed Plaintiff's reports she consistently needed to nap during the day, even on days where she was not recuperating from work, and often she napped 3 hours or more, sometimes even napping during her shift at work. [R. 37, 56, 59, 243, 259, 295-304, 520, 538, 598.] The ALJ was required to consider not what Plaintiff was able to do on her best days, but how limited Plaintiff was on her worst days; the Court cannot tell whether the ALJ did. SSR 96-8p(1-5) ("RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis…RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*.") (emphasis in original).

In sum, the ALJ included limits within Plaintiff's RFC, but failed to explain why she included the particular limits she did. The ALJ was not required to adopt any opinion of record, but she was required to explain, using evidence of record, why the limits she found were based on such evidence, by building a logical analytical bridge from the evidence relied upon to the limit assessed. *Briscoe ex. rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) (ALJ's failure to explain how he arrived at his RFC under SSR 96-8p "…in itself is sufficient to warrant reversal of the ALJ's decision"). The ALJ's decision is lacking the requisite explanation; the ALJ failed to articulate clearly how and why her particular RFC finding was reached, and the Court must remand on this basis.

4. **Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment [dkt. 20] is GRANTED. The Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. At this time, the Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff.

Entered: 6/7/2022

									_____
Susan E. Cox,
United States Magistrate Judge

5